IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION

| | |
|---|---|
| *RICHARD WHITE; and*<br>*SHERMAN HAWTHORNE* | )<br>)<br>) |
| Plaintiffs, | )<br>)<br>) |
| v. | )  Cause No. 4:21-cv-01161-AGF<br>) |
| *RISING STAR M.B. CHURCH;*<br>*ERNEST GARRETT JR.;*<br>*CHARLES HALEY;*<br>*DAVID L. WHITE;*<br>*ALPHONSO IVY;*<br>*LEHMAN A. TURNER, JR.;*<br>*DAVID LONG;*<br>*LAMAR E. BREW;*<br>*GEORGE ROBINSON; and*<br>*PETER LEWIS* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

COME NOW Defendants Rising Star M.B. Church ("Rising Star"), Ernest Garrett Jr.,

Charles Haley, David L. White, Alphonso Ivy, Lehman A. Turner, Jr., David Long, Lamar E.

Brew, George Robinson, and Peter Lewis ("Defendants"), by and through their attorneys

Sandberg Phoenix & von Gontard P.C., pursuant to Fed. R. Civ. P. 12(b)(1), and for their

Memorandum in Support of their Motion to Dismiss Plaintiffs' Petition, state as follows:

### I.    **Factual Background and Claims**

As alleged, Rising Star is a church located in the City of St. Louis, of which Plaintiffs are

members.  Plaintiffs' Petition ("Petition"), ¶¶ 1-2.  Defendant Garrett is the pastor and principal

executive officer of Rising Star.  Petition, ¶ 3.  The remaining defendants form the Board of

Deacons for Rising Star.  Petition, ¶ 4-12.

Rising Star's governance is subject to its Bylaws, attached as *Exhibit A* to Plaintiff's Petition.  Petition, ¶ 16. As alleged, the Bylaws require the Board of Deacons to recommend a pastor to Church membership, who then have the power to elect a pastor through majority vote. Petition, ¶ 17.  The Bylaws further require notice of any such vote at two Sunday services preceding it. Petition, ¶ 18.

The Bylaws further require Rising Star to report on the activities and financial condition of the Church, and to notify Church member of any annual or special meetings at least two weeks in advance.  Petition, ¶ 19.  Regular meetings are to be held on the 3rd Saturday of each month with the required notice. Petition, ¶ 20.  With respect to Church finances, Rising Star is required to account for Church funds, including providing receipts for monies due and deposit all Church funds.  Petition, ¶ 22.

Plaintiffs claim Defendants have violated and conspired to violate these provisions, including by allegedly (a) electing Garrett as pastor without adequate notice, (b) failing to call or conduct meetings to report on the financial status of the Church, (c) failing to keep adequate financial records and minutes, (d) failing to disclose the duties of Church agents, (e) failing to inform Church membership regarding Church business decisions, (f) making certain financial expenditures and business decisions for personal gain or based on improper personal/emotional relationships, and (g) employing intimidation, retaliation, or similar threatening behavior to silence dissenting members of the Church.   Petition, ¶ Par. 25(a)-(g).  Plaintiffs allege each of these acts violates the Missouri Nonprofit Corporation Act, Section 355 RSMo.  Petition, ¶ 26.

For these alleged improprieties, Plaintiffs allege seven counts, three of which arise under the Racketeer Influenced and Corrupt Organizations Act ("RICO").  The counts are: (I) fraud, (II) misappropriation of Church funds, (III) breach of fiduciary duty owed to the Church, (IV)

2

15931017.v1

conspiracy, (V) violation of RICO section 1962(c), and (VI) violation of RICO section 1962(a), and (VII) violation of RICO section 1962(d).

## II.    Legal Standard

Rule 12(b)(1) permits a defendant to seek dismissal of a plaintiff's claim for lack of subject matter jurisdiction. If a plaintiff lacks standing to sue, the District Court has no subject-matter jurisdiction. *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016). "The 'irreducible constitutional minimum of standing' is that a plaintiff show (1) an 'injury-in-fact' that (2) is 'fairly ... trace[able] to the challenged action of the defendant' and (3) is 'likely ... [to] be redressed by a favorable decision' in court." *Id*. (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); additional citations omitted). A plaintiff has suffered an injury-in-fact if he has experienced "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal citations and quotation marks omitted). The plaintiff bears the burden of establishing these elements. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1547 (2016). To meet this burden at the pleading state, the plaintiff must "clearly allege facts demonstrating" each element. *Id*.

## III.    Argument

### A. *Plaintiffs do not have standing because the alleged damages belong to the Church, not to them individually.*

For an injury to be "particularized" as necessary to establish Article III standing, it "must affect the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548; see also *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (standing requires that the plaintiff "personally has suffered some actual or threatened injury"). A plaintiff who fails to allege monetary injury to himself has no standing to claim

damages on behalf of another, where the alleged damages are particular to the absent party. *Warth v. Seldin*, 422 U.S. 490, 492 (1975) (finding an organization which failed to allege monetary damages to itself had no standing to claim damages on behalf of its members, because the purported damages were "peculiar to the individual member concerned").

Plaintiffs have not met these requirements because they have not alleged any "concrete and particularized" injuries they suffered "in a personal and individual way." For each cause of action alleged, Plaintiffs purported damages belong to the Church itself or at best the membership generally. In other words, how can Plaintiffs as individuals collect purported monetary damages for injuries alleged to be suffered by the Church? The only proper standing here would be derivative, not individual, as pleaded by Plaintiffs.

This is true for each count alleged. For Count I, (fraud), Plaintiffs claim they have individually suffered unspecified "financial losses" and are now "held captive" by Defendants. Petition, ¶ 34. In Count III, Plaintiffs claim the alleged breaches of Defendants' fiduciary duties "caused substantial loss and injury *to the Church* by depleting its financial assets." Petition, ¶ 44 (emphasis added). Other alleged injuries are so vague and generalized as to be meaningless. For instance, with respect to the alleged conspiracy pleaded in Count IV, Plaintiffs claim as damages they "no longer have confidence in the moral integrity of Church agents." This is not an injury that "likely to be redressed" sufficient to grant them Article III standing. *Carlsen*, 833 F.3d at 908.

Furthermore, in the prayer for relief in each Count, Plaintiffs seek monetary damages in excess of $25,000, punitive damages, and attorneys' fees and costs, but they make no effort to identify or quantify the monetary losses they suffered as individuals, because the losses alleged are entirely to the Church itself or to the membership generally as a body. They are not injuries

4

suffered by Plaintiffs as individuals.  Count II for the alleged misappropriation of Church funds, makes this deficiency especially clear.  There, Plaintiffs claim Defendants  misappropriated assets belonging to the Church, not to them individually.  These assets include the sale of real property located at 4651 Pope Avenue, the making of cash withdrawals using the Church debit card, and the unauthorized payment of Church funds for bills, debts, or other obligations belonging to Garrett and the Board of Deacons.  Petition, ¶ 39.  Even as pleaded, the alleged harm was to Church property in which Plaintiffs as individuals do not have an individualized personal interest.

Finally, the same is true with respect to Plaintiffs' alleged RICO claims in Counts V, VI, and VII.  They assert as a result of the alleged racketeering activity that they "and other church members" have suffered unspecified financial injuries, as well as "an inability to trust Church leadership, and have been subjected to a toxic and retaliatory environment."  Petition, ¶¶ 63; 68; and 72.

Plaintiffs even appear to acknowledge their loss is derivative, rather than individual – "As a direct and proximate result of Defendants' misappropriate of Church funds, Plaintiff *and other Church members* have suffered financial injury and an inability to trust Church leadership." Petition, ¶ 40 (emphasis added).  But even as alleged, the purportedly misappropriated property belonged to the Church, not to Plaintiffs.  The only interest they can have in that property as a matter of law is derivative in their capacity as members, which they alleged or sought as a remedy.  Notably, Plaintiffs make no allegation regarding any purported contributions to Church funds they claim to have lost.  In spite of this, Plaintiffs do not claim the alleged misbegotten property should be delivered back to the church (as a derivative action would), they claim they are entitled to collect it as damages for themselves.

15931017.v1

Plaintiffs do not have Article III standing for their alleged claims because they have not met their burden to plead facts demonstrating a concrete and particularized injury they suffered as individuals.  The alleged injuries belong to others, specifically the Church itself, and are not actionable on an individual basis.

> B.  *Plaintiffs do not have standing because members of a nonprofit corporation may only maintain a derivative suit to challenge the corporation's actions.*

Furthermore, Plaintiffs lack standing for their claims because under Missouri law, an action by a nonprofit corporation member must be brough in a derivative capacity to challenge the corporation's actions.  As Plaintiffs acknowledge in their own Petition, Rising Star and its Bylaws are governed by the Missouri Nonprofit Corporation Act, Section 355 RSMo ("Act").  Petition, ¶ 26.  "As a general rule, a third party has no authority to challenge a nonprofit corporation's power to act." *Exec. Bd. of Missouri Baptist Convention v. Missouri Baptist Univ.*, 569 S.W.3d 1, 9 (Mo. App. W.D. 2019).  The Act sets forth specific requirements for any purported challenge to a nonprofit corporation's actions, including specifying those individuals who may maintain an action to challenge them.  Section 355.141 provides in relevant part (emphasis added):

1. Except as provided in subsection 2 of this section, the validity of corporate action may not be challenged on the ground that the corporation lacks or lacked power to act.

2. A corporation's power to act may be challenged in a proceeding against the corporation to enjoin an act where a third party has not acquired rights. The proceeding may be brought by the attorney general, a director, or by a member or members *in a derivative proceeding*.

"Members," within the meaning of this provision are statutorily defined as "any person or persons who on more than one occasion, pursuant to a provision of a corporation's articles or bylaws, have the right to vote for the election of a director or directors" regardless of what a

6

person is called in the articles or bylaws.  Section 355.066(21) RSMo; see also, *Blue Cross & Blue Shield of Missouri v. Nixon*, 81 S.W.3d 546, 552 (Mo. App. W.D. 2002).[1]

Under subsection 1, only those individuals enumerated in subsection 2 have a right to challenge the validity of a corporate action on the asserted basis the corporation lacked to power to take them.  Plaintiffs do not allege they are the attorney general or directors of Rising Star.  Therefore, the only action that may be brought to the "validity of corporate action" is by a "member" derivatively.   The lack of corporate authority for the actions taken is precisely the basis of Plaintiffs' claims.  They assert the Church and the individual defendants acting in their capacity as Church leadership took unpermitted actions, including the appointment of pastor, management of Church property, and other alleged corporate actions.  As pleaded, they do not belong to one of the permissible classes of plaintiffs.

Missouri Courts applying this provision have held clearly that where an individual does not fall into the specified categories in the statute, they lack standing to maintain the action.  For example, in *Blue Cross & Blue Shield*, the Missouri Court of Appeals held the statute is to be strictly construed, finding a plaintiff must fall into one of the three enumerated classes in the statute to maintain the action: "Because [the plaintiffs] do not fall within one of the three categories established by statute to challenge the board's actions, they lacked standing to challenge the board's authority to amend the Articles of Incorporation to provide for a different distribution of assets on dissolution."  *Id*. at 553; see also *Exec. Bd. of Missouri Baptist Convention v. Windermere Baptist Conf. Ctr.*, 280 S.W.3d 678, 693 (Mo. App. W.D. 2009) ("This statute provides that a corporation's power to act may be challenged only by the attorney general, a director, or members in a derivative proceeding. Because the Convention does not fall

---

[1] Defendants do not concede Plaintiffs would constitute "members" entitled to bring a derivative action within the meaning of the Act.

15931017.v1

within one of these three categories of persons entitled to challenge Windermere's power to amend its articles of incorporation, the Convention lacks standing to challenge Windermere's authority to amend the articles of incorporation.").

This result is logical, as demonstrated by the facts here and the nature of the claimed damages.  Plaintiffs claim Defendants, *inter alia*, misappropriated property belonging to the Church, including the allegedly improper sale real property, improper cash withdrawals, and improper payment of bills and debts.  The purported losses (which Defendants deny) were to property owned by the Church, not by Plaintiffs.  Therefore, the proper remedy, if any, is return or remuneration *to the Church* for the alleged improprieties, not to award it to Plaintiffs as damages.

As individuals, Plaintiffs do not belong to one of the three enumerated permissible plaintiffs who have statutory standing to bring an action to challenge non-profit corporate action.  Therefore, they have "no authority to challenge a nonprofit corporation's power to act."  *Exec. Bd. of Missouri Baptist Convention*, 569 S.W.3d at 9.  They therefore lack standing to maintain this suit.

### IV.    Conclusion

Plaintiffs lack standing necessary to maintain this action under Article III, federal law, and applicable Missouri statute.  For the reasons set forth herein and in Defendant's Motion to Dismiss, their action should be DISMISSED WITH PREJUDICE under Rule 12(b)(1).

15931017.v1

SANDBERG PHOENIX & von GONTARD P.C.

By:  */s/ Andrew R. Kasnetz*

Andrew R. Kasnetz, #29863MO
Benjamin R. Wesselschmidt, #66321MO
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
akasnetz@sandbergphoenix.com
bwesselschmidt@sandbergphoenix.com

*Attorneys for Defendants*

## Certificate of Service

I hereby certify that on this 4th day of October 2021 the foregoing was filed electronically with the Clerk of the Court and served via electronic mail upon the following:

Brian D. Klar
Brandon J. Klar
Klar, Izsak & Stenger, LLC
bklar@lawsaintlouis.com
bjklar@lawsaintlouis.com

*/s/ Andrew R. Kasnetz*

9

15931017.v1