IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION

| | | |
|---|---|---|
| *RICHARD WHITE; and* | ) | |
| *SHERMAN HAWTHORNE* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Cause No. 4:21-cv-01161-AGF |
| | ) | |
| *RISING STAR M.B. CHURCH;* | ) | |
| *ERNEST GARRETT JR.;* | ) | |
| *CHARLES HALEY;* | ) | |
| *DAVID L. WHITE;* | ) | |
| *ALPHONSO IVY;* | ) | |
| *LEHMAN A. TURNER, JR.;* | ) | |
| *DAVID LONG;* | ) | |
| *LAMAR E. BREW;* | ) | |
| *GEORGE ROBINSON; and* | ) | |
| *PETER LEWIS* | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS AND TO REMAND

COME NOW Defendants Rising Star M.B. Church ("Rising Star"), Ernest Garrett Jr., Charles Haley, David L. White, Alphonso Ivy, Lehman A. Turner, Jr., David Long, Lamar E. Brew, George Robinson, and Peter Lewis ("Defendants"), by and through their attorneys Sandberg Phoenix & von Gontard P.C., pursuant to Fed. R. Civ. P. 41 and for their Memorandum in Opposition to Plaintiffs' Motion to Voluntarily Dismiss Counts V, VI, and VII [Doc. 10] and Motion to Remand [Doc. 11], state as follows:

### INTRODUCTION

In an unabashed attempt to engage in forum manipulation, Plaintiffs have filed their Motion to Voluntarily Dismiss Counts V, VI, and VII of their Petition [Doc. 10]. Plaintiffs'

16093640.v1

Motion seeks to dismiss their claims brought under the Racketeer Influenced Corruption Act, 29 U.S.C. § 1961, *et seq.* ("RICO"). Almost immediately after filing the Motion to Voluntarily Dismiss, Plaintiff filed a Motion to Remand ("Motion to Remand") [Doc. 11] and supporting Memorandum [Doc. 12]. Plaintiffs concede this Court has federal question jurisdiction because of their RICO claims, and supplemental jurisdiction over the state-law claims for (I) fraud, (II) misappropriation of church funds, (III) breach of fiduciary duty owed to the church, and (IV) conspiracy. Clearly, Plaintiffs filed these Motions with the admitted purpose of divesting this Court of jurisdiction. *See* Motion to Remand [Doc. 10], pp. 2-4.

The Motions should be denied. Of course, Defendants are not opposed to Plaintiff's dismissal of their RICO claims. Plaintiffs do not explicitly state in the Motion to Dismiss whether the intended voluntary dismissal is to be with or without prejudice, and the Rules presume it to be without. See, e.g., Rule 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice"). They also allude in their Memorandum to their plans to potentially refile those claims, necessitating a second, future removal to federal court. [Doc. 12], p. 4.

Defendants  oppose a dismissal without prejudice. That Plaintiffs seek the dismissal without prejudice and, with surprising and reckless candor, wish to leave open the door to bringing such claims in the future, evidences forum-shopping and gamesmanship. Regarding the Motion to Remand, the factors set forth in *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 348, 353 (1988) weigh in favor of denying the Motion. Plaintiffs' tactics are simply designed to avoid federal court. If Plaintiffs prevail, they will have required Defendants to spend needless time and resources removing the case, and will have consumed valuable court time with a

2

senseless trip to federal court and resulting motion practice. Thus, the Court can and should deny Plaintiff's Motions.

Even if the Court grants Plaintiff's Motions, this Court should award Defendants their costs and attorneys' fees under 28 U.S.C. § 1447(c), which provides, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal."

## BACKGROUND

As alleged by Plaintiffs, Rising Star is a church located in the City of St. Louis, of which Plaintiffs are members. Plaintiffs' Petition ("Petition"), ¶¶ 1-2. Defendant Garrett is the pastor and principal executive officer of Rising Star. Petition, ¶ 3. The remaining defendants form the Board of Deacons for Rising Star. Petition, ¶ 4-12.

Rising Star's governance is subject to its Bylaws, attached as *Exhibit A* to Plaintiff's Petition. Petition, Petition, ¶ 16. Plaintiffs claim Defendants have violated and conspired to violate certain provisions governing the appointment of pastor, the use and disclosure of use of Church funds, and the frequency of certain meetings. Petition, ¶ 25(a)-(g). Plaintiffs allege each of these acts violates the Missouri Nonprofit Corporation Act, Section 355 RSMo. Petition, ¶ 26.

For these alleged improprieties, Plaintiffs allege seven counts, three under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). The counts are: (I) fraud, (II) misappropriation of Church funds, (III) breach of fiduciary duty owed to the Church, (IV) conspiracy, (V) violation of RICO section 1962(c), and (VI) violation of RICO section 1962(a), and (VII) violation of RICO section 1962(d).

Plaintiffs initiated this suit in Missouri state court in the Circuit Court for the City of St. Louis on August 17, 2021 [Doc. 1-1]. Following service on some of the Defendants, Defendants

3

16093640.v1

timely removed the case to this Court on September 27, 2021 on the basis of federal question jurisdiction stemming from the RICO claims.  [Doc. 1]. Defendants then filed a timely Motion to Dismiss Plaintiff's claims on October 4, 2021 [Doc. 7].

Plaintiffs did not timely respond to Defendants' Motion to Dismiss. Therefore, on October 20, 2021, this Court entered an Order requiring Plaintiffs show cause why their claims should not be dismissed on or before October 27, 2021 [Doc. 9]. Instead of responding and showing cause as ordered, Plaintiffs filed their Motion to Voluntarily Dismiss the RICO Counts and to remand.[1]

## ARGUMENT

I.      **If The Court Grants Plaintiffs' Motion to Amend the First Amended Complaint to Dismiss Counts V, VI, and VI, It Should Do So With Prejudice.**

Under Fed. R. Civ. P. 15(a), Plaintiff may only amend the First Amended Complaint with leave of court. While permission "shall be freely given when justice so requires," the Court may disallow amendment for various reasons, including bad faith or a dilatory motive on the part of the movant. *Id.; Moore-El v. Luebbers,* 446 F.3d 890, 901-02 (8th Cir. 2006). Courts have refused to allow amendment of a complaint where the purpose of the amendment is to defeat federal court jurisdiction. *See, e.g., Mishra v. Colmen Motors, LLC,* 2018 WL 690990 at *3 (E.D. Mo. Feb. 2, 2018) ("Because Plaintiff's admitted purpose for amending the petition is to defeat federal jurisdiction and our courts disfavor such gamesmanship, the Court denies the motion to amend the petition . . . .").

Plaintiffs admittedly seek to dismiss their RICO claims to avoid federal court jurisdiction and force remand. *See* Motion to Amend, Motion to Remand, [Doc. 11], pp. 2-4. When Defendants then removed the case and filed their Motion to Dismiss all of Plaintiffs' claims, and

---

[1] Plaintiffs have still not complied with this Court's order to show cause and have not addressed the deficiencies of their non-RICO counts as required by this Court. Counts I, II, II, and IV should therefore be dismissed.

4

only after this Court ordered Plaintiffs to show cause, Plaintiff filed their Motion to Voluntarily Dismiss the RICO claims and moved to remand the case to state court. As noted, Defendants do not oppose dismissal of the RICO claims, but if the Court intends to dismiss the claims and remand the case, despite Plaintiffs' egregious forum shopping, Defendants respectfully request the Court dismiss the claims with prejudice.

As noted, Plaintiffs do not state in their Motion whether the intended voluntary dismissal is to be with or without prejudice, and the Rules presume it to be without unless this Court specifies. *See, e.g.*, Rule 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice"). Plaintiffs appear to already allude in their briefing to refiling RICO claims: "In the event Plaintiffs later seek to reassert some or all of the RICO claims, Defendants will be provided the opportunity to remove this mater [sic] to this Court." [Doc. 12], p. 4. In other words, Plaintiffs believe they should freely be able to assert, dismiss, and reassert claims as they see fit, and pass this matter back and forth between state and federal court, wasting the parties' and the courts' resources.

This Court has discretion under Rule 41(a)(2) to determine the terms of voluntary dismissals. The Rule provides in relevant part that where a plaintiff requires leave of Court to dismiss his claims (because defendants have not filed responsive pleadings and/or stipulated to dismissal) "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *Id*. The "proper" terms for dismissal under these circumstances are with prejudice, such that Plaintiffs cannot engage in similar gamesmanship for their alleged RICO claims in the future.

16093640.v1

**II.**     **The Court Should Deny Plaintiff's Motion To Remand Because Of Plaintiff's Manipulative Tactics and Forum Shopping.**

Even if this Court dismisses the RICO claims, it should retain supplemental jurisdiction over Plaintiffs' state law claims. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" and supplemental jurisdiction over claims that are "so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1331, 1367(a). Because Counts V, VI, and VII of Plaintiffs' Petition alleging RICO violations are claims arising under federal law, and were live claims in the operative pleading as of the date of removal, this Court possesses jurisdiction to hear this case. *Corpe v. Bank of America, N.A.,* 2013 WL 237595 at *3 (Jan. 22, 2013) ("A RICO claim is one 'arising under the laws of the United States' and thus falls within the district court's original jurisdiction and is removable pursuant to 28 U.S.C. § 1447(c).") (citations omitted). The state law claims in Plaintiffs' Petition fall within the Court's supplemental jurisdiction because they form part of the same controversy and are derived from a common nucleus of operative fact. *See* 28 U.S.C. § 1367(a); Notice of Removal, [Doc. 1], pp. 3-4. Because the Court had jurisdiction at the time the case was removed, it may continue to exercise supplemental jurisdiction over the state law claims even if it dismisses the federal claims. *See Kansas Pub. Emp. Ret. Sys. V. Reimer & Kroger Assoc., Inc.,* 77 F.3d 1063, 1067-68 (8th Cir. 1996).

   *A. The* **Cohill** *Factors Dictate this Matter Should Not Be Remanded.*

In *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 348, 353 (1988), the United States Supreme Court held that a district court has discretion whether to remand a removed case to state court when all federal-law claims have been dismissed and only pendent state-law claims remain. In exercising this discretion, district courts should balance the interests of judicial

6

economy, convenience, fairness and comity. *Id.* at 357. While the *Cohill* Court stated that the balance of factors "will [usually] point toward declining to exercise jurisdiction over the remaining state law claims," this is not always the case. *Id.* at 350, 357. Noting the concern that "a plaintiff whose suit has been removed to federal court will be able to regain a state forum simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case," the Supreme Court specifically stated that a district court can consider whether the plaintiff has engaged in such "manipulative tactics" when it decides whether to remand a case. *Id.* at 357. "If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support remand in the case." *Id.*

The *Cohill* factors weigh in favor of this Court's exercise of jurisdiction over Plaintiffs' state law claims. First, the principle of economy militates against remand. After Plaintiffs initiated their suit in state court, no further proceedings occurred in that forum. By contrast, the parties have already undergone substantial motion practice in this forum, including on substantive issues that may be dispositive of Plaintiffs' claims. Defendants  filed a lengthy, substantive Motion to Dismiss in this Court  addressed issues not raised in the state court. Remand would necessitate refiling the pending Motion to Dismiss in state court.

Similarly, the principles of convenience and fairness argue against remand. "There is no reason to believe that, on the whole, federal court would be more or less convenient for the parties as compared to state court. There is also no reason to believe that one court would more fairly adjudicate this case than the other." *See Prine v. Regal-Beloit Electric Motors, Inc.,* 2008 WL 11336932, *2 (W.D. Mo. Sept. 8, 2008).

7

Finally, the principles of comity do not weigh in favor of remand, even though the remaining claims are state law claims. Federal courts routinely address state law claims and Plaintiffs do not claim (nor could they) state law claims of fraud, misappropriation, breach of fiduciary duty, or conspiracy are unique, complex or deal with issues of substantial public policy unique to the state of Missouri.

Moreover, as dictated by *Cohill,* the Court's analysis does not end with the Court's consideration of these factors. It must also "consider whether the plaintiff has engaged in manipulative tactics" and take this behavior into account. *Cohill,* 484 U.S. at 357. Here, Plaintiff makes no effort to conceal their forum shopping. They offer no compelling explanation for their desire to eliminate the federal claim other than for the purpose of defeating federal court jurisdiction and attempt to justify this attempt to force remand as a legitimate tactical decision. *See* Motion to Dismiss, [Doc. 10], p. 3; Memorandum in Support of Motion to Remand, [Doc. 12], pp. 2-4.

### B. Eighth Circuit Precedent Prevents Remand Where the Plaintiff Has Engaged in Forum-Shopping and Gamesmanship.

The Eighth Circuit and district courts within the Circuit that have addressed these issues have held that dismissal of federal claims to force remand is not a legitimate tactical decision. "In addressing whether a district court should allow voluntary dismissal, [the Eighth Circuit has] repeatedly stated that it is inappropriate for a plaintiff to use voluntary dismissal as an avenue for seeking a more favorable forum." *Thatcher v. Hanover Ins. Group, Inc.,* 659 F.3d 1212, 1214 (8th Cir. 2011) (citing *Cahalan v. Rohan,* 423 F.3d 815, 818 (8th Cir. 2005) ("A party may not dismiss simply to . . . seek a more favorable forum."); *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 292, 294 (1938) ("If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the

8

defendant's supposed statutory right of removal would be subject to the plaintiff's caprice."); *Jones v. Mosher,* 107 F. 561, 564 (8th Cir. 1901) ("As the right to remove an action falls within the jurisdiction of the federal court is a substantial right, the federal courts…should be astute not to permit devices to become successful which are used for the very purposes of destroying that right." (internal citation omitted)).

In *Barondes v. Wolfe,* 184 F.Supp.3d 741 (W.D. Mo. 2016), an associate professor at the University of Missouri School of Law who held a concealed carry permit brought suit in state court challenging the University's ban of firearms on University property as violative of his right to bear arms under the Second and Fourth Amendments to the United States Constitution. Following removal, the plaintiff voluntarily dismissed all federal claims and moved to remand. *Id.* at 743. The court held that the plaintiff had "unabashedly attempted to engage in forum manipulation; he eliminated all federal claims *after* removal expressly to attempt to force remand." *Id.* at 745. Dismissing all federal claims after removal to force remand is not a legitimate tactical decision; it is impermissible forum-shopping:

> When a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal. A federal forum for federal claims is certainly a defendant's right. If a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court. *The jockeying is a drain on the resources of the state judiciary, the federal judiciary and the parties involved; tactical manipulation [by the] plaintiff ... cannot be condoned.* The rule that a plaintiff cannot oust removal jurisdiction by voluntarily amending the complaint to drop all federal questions serves the salutary purpose of preventing the plaintiff from being able to destroy the jurisdictional choice that Congress intended to afford a defendant in the removal statute.

*Id.* at 745. (citing *Boelens v. Redman Homes, Inc.,* 759 F.2d 504, 507 (5th Cir.1985) (quotation omitted) (emphasis in *Barondes*)).

9

The Western District of Missouri's reasoning in *Prine v. Regal-Beloit Electric Motors, Inc.,* 2008 WL 11336932, *1 (W.D. Mo. Sept. 8, 2008) is also instructive. There, the plaintiff filed suit in state court, alleging causes of action for wrongful termination, violation of the Missouri Human Rights Act, and violation of the Americans with Disabilities Act ("ADA"). Defendants removed the case to federal court and plaintiff subsequently filed a motion to amend, seeking to delete the ADA claim and a motion to remand just as Plaintiffs do here. *Id*. Applying *Cohill* to the plaintiff's "manipulative tactics," the district court determined "the principles of economy, convenience, fairness, and comity suggest that the case should not be remanded."  *Id*.

The Western District of Missouri's reasoning in both *Barondes* and *Prine* is directly on point here. Defendants have a statutory *right* to litigate in a federal forum when a plaintiff raises a federal question. *Barondes,* 184 F.Supp.3d at 746.  While a plaintiff is the master of his or her complaint and enjoys a "venue privilege" to choose whether to bring suit in state or federal court, this privilege is subject to jurisdictional limitations. *Id*. Once a plaintiff inserts a federal question claim in the complaint, as Plaintiffs did here by electing to plead RICO claims, this privilege gives way to a defendant's statutory right to litigate in federal court. *Id.* "A plaintiff is not master of the complaint forever and without exception." *Id*. Furthermore, precluding this gamesmanship promotes judicial economy at both the state and federal level and avoid needless waste of litigants' resources. *Id.* at 746.  The principles of economy, convenience, fairness, and comity all suggest this matter should remain in federal court. All substantive litigation has occurred in this forum, it is of equal convenience to the parties (who are located in the St. Louis area), and fairness dictates Plaintiffs should not be entitled to pass this matter back and forth simply to suit their litigation preferences.  If Plaintiffs wanted to avoid federal court, they had the option to

16093640.v1

omit federal claims. They elected to proceed on those claims and subject themselves to federal jurisdiction.

Plaintiff's purported reasoning for dismissal of their RICO claims and request to remand is that they have "concluded the RICO claims will be difficult to prove and costly to litigate." [Doc. 10], p. 3. This justification is not compelling. The facts, circumstances, and legal resources required to prove their claims have not changed between the time Plaintiffs initiated their suit in state court and now. What has changed is that the proceeding has been removed to federal court where Plaintiffs are now subject to an Order to Show Cause for their failure to timely respond to Defendants' Motion to Dismiss. It is apparent the real reason for Plaintiffs' dismissal of the RICO counts is to manipulate the forum of the litigation.

Plaintiffs' reliance on out of jurisdiction case law for their supposed right to remand is equally uncompelling. Plaintiffs purport to rely exclusively on *Millar v. Bay Area Rapid Transit*, 236 F. Supp. 2d 1110 (N.D. Cal. 2002). This Court need not reach that far afield in light of directly on point caselaw in this Circuit. Further, even the *Millar* Court held remand is not mandatory after the dismissal of federal law claims. *Id*. at 1118. Finally, *Millar* is distinguishable on its facts, because the claims at issue in that case arose out of California statutory claims, to be decided under "state-law standards that differ markedly" from federal standards. *Id*. at 1119. There is no such complication here.

Here, Plaintiffs' Motion to Amend and Motion to Remand are indicative of the manipulative tactics specifically addressed in *Cohill* and Eighth Circuit cases. Plaintiffs filed these motions only after facing removal, failing to timely respond to Defendants' substantive Motion to Dismiss, and facing an Order to Show Cause from this Court. Taking into account

11

these manipulative tactics, the Court should deny Plaintiff's Motion to Remand even if it dismisses Plaintiffs RICO claims.

### III.    If The Court Remands The Case to State Court, It Should Award Defendants Their Costs and Attorneys' Fees Pursuant to 28 U.S.C. § 1447(c).

If this Court determines that remand is appropriate, Defendants are entitled to their costs and expenses, including reasonable attorneys' fees, resulting from the removal and remand.[2]

Specifically, 28 U.S.C. § 1447(c) provides, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  As the Supreme Court noted in *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 140 (2005), "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." The imposition of such additional costs is particularly unjust where, as here, Plaintiffs chose to bring federal claims which permitted removal of the suit from state court and now seek to dismiss the federal claim only after Defendants removed the case and filed a Motion to Dismiss all claims and this Court has issued an Order to Show Cause.

This Court has granted awards to defendants pursuant to 28 U.S.C. § 1447(c) when plaintiff's conduct was sufficiently improper to warrant an award under the broad language of the statute. *See, e.g., Jonathan Gould v. St. Louis-Kansas City Carpenters' Regional Council*, No. 4:18-cv-009360-AGF (E.D. Mo. Aug. 2, 2018); *see also*, *Davis v. Simmons,* 2014 WL 3698002 (N.D. Iowa July 24, 2014) (court awarded costs and attorneys' fees pursuant to §

---

[2] In order to minimize the ongoing expense associated with responding to Plaintiffs' Motion to Remand, Defendants respectfully request that the Court decide Plaintiff's liability for costs and expenses and then allow Defendants to make submissions on the actual value of the services thereafter. If the Court determines that remand is appropriate, it may remand the substantive action to state court and retain jurisdiction over the issue of costs and expenses of removal only. *See, e.g., Hall v. Avis Budget Care Rental, LLC,* 2012 WL 2191620 at *3 (E.D. Mo. June 14, 2012) citing *Bryant v. Britt,* 420 F.3d 161, 1656-66 (2d. Cir. 2005)); *Phelps v. Schwab,* 2012 WL 1279932 at *3 (E.D. Mo. April 16, 2012).

12

1447(c) where plaintiff, in bad faith, failed to disclose her citizenship in her complaint); *Brooks v. PrePaid Legal Servs., Inc.,* 153 F.Supp.2d 1299, 1302–03 (M.D. Ala. 2001) (awarding costs to the defendant pursuant to 28 U.S.C. § 1447(c) when the plaintiffs sought to limit their damages to below the jurisdictional amount after removal); *Shrader v. Legg Mason Wood Walker, Inc.,* 880 F.Supp. 366, 369–71 (E.D. Pa. 1995) (awarding costs and fees to the defendant based on the broad language of 28 U.S.C. § 1447(c) when, after removal, the plaintiff claimed that one of the nominal defendants was no longer a nominal defendant, thus destroying complete diversity and requiring a remand of the case to state court); *Barraclough v. ADP Auto. Claim Servs., Inc.,* 818 F. Supp. 1310, 1313 (N.D. Cal. 1993) (awarding costs and fees to the defendant pursuant to 28 U.S.C. § 1447(c) when the plaintiff twice confirmed that she was pursuing a claim under the Americans with Disabilities Act and then renounced such claim after concluding that pursuing her case in federal court would be disadvantageous). Here, Plaintiff's gamesmanship in attempting to manipulate the forum is sufficiently improper to warrant an award under 28 U.S.C. § 1447(c). Accordingly, should the Court determine that remand is appropriate, Defendants respectfully request that the Court issue an order allowing Defendants to recoup costs and expenses, including reasonable attorneys' fees, they have incurred as a result of Plaintiffs' impermissible forum shopping.

## CONCLUSION

In sum, if this Court permits Plaintiffs to dismiss their claim under RICO, Defendants respectfully request that the dismissal be with prejudice. As to Plaintiffs' Motion to Remand, even if the Court determines that dismissal of the RICO claim is appropriate, the factors set forth in *Cohill* weigh in favor of the Court retaining supplemental jurisdiction over the state law claims, particularly in light of Plaintiffs' blatant attempt to manipulate the forum. Finally, if the

13

16093640.v1

Court determines remand is appropriate, Defendants request the Court find that an award of costs and expenses, including reasonable attorneys' fees, pursuant to 28 U.S.C. § 1447(c), is appropriate, and the Court retain jurisdiction over this issue.

SANDBERG PHOENIX & von GONTARD P.C.

By:    */s/ Andrew R. Kasnetz*
   Andrew R. Kasnetz, #29863MO
   Benjamin R. Wesselschmidt, #66321MO
   600 Washington Avenue - 15th Floor
   St. Louis, MO  63101-1313
   314-231-3332
   314-241-7604 (Fax)
   akasnetz@sandbergphoenix.com
   bwesselschmidt@sandbergphoenix.com

   *Attorneys for Defendants*

<strong><u>Certificate of Service</u></strong>

I hereby certify that on this 3rd day of November 2021 the foregoing was filed electronically with the Clerk of the Court and served via electronic mail upon the following:

Brian D. Klar
Brandon J. Klar
Klar, Izsak & Stenger, LLC
bklar@lawsaintlouis.com
bjklar@lawsaintlouis.com

   */s/ Andrew R. Kasnetz*

14

16093640.v1