UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
MISSOURI EASTERN DIVISION

RICHARD WHITE, et al.,  )
                        )
      Plaintiffs,       )
                        )
   v.                   )   No.  4:21-cv-01161-AGF
                        )
RISING STAR M.B. Church, )
et al.,                 )
                        )
      Defendants.       )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion to voluntarily dismiss their

RICO claims (Doc. No. 10) and Plaintiffs' motion to remand the case to the state court

from which it was removed.  (Doc. No. 11).  For the reasons stated below, the motions

will be granted.  However, Plaintiff will be ordered to reimburse Defendants for

attorney's fees and court costs incurred in connection with the instant removal and

remand and any future re-filing of the federal claims.

### BACKGROUND

Plaintiffs Richard White and Sherman Hawthorne are members of Defendant

Rising Star M.B. Church.  In August 2021, Plaintiffs filed in state court a petition

alleging Rising Star M.B. Church and its pastor, Defendant Ernest Garrett Jr., and Board

of Deacons—Defendants Charles Haley, David White, Alphonso Ivy, Lehman Turner,

Jr., David Long, Lamar Brew, George Robinson, and Peter Lewis—improperly used church funds for their personal benefit.  Plaintiffs alleged four state law claims, fraud (Count I), misappropriation of Church funds (Count II), breach of fiduciary duty owed to the church (Count III), and conspiracy (Count IV), and three claims alleging violations of sections 1962(c), (a), and (d) of the Racketeering and Corrupt Organizations Act ("RICO") (Counts V, VI, and VII).  Defendants removed to this court on the basis of federal question jurisdiction for the RICO claims, 28 U.S.C. § 1331, and supplemental jurisdiction for the state law claims.  28 U.S.C. § 1367(a).

Defendants then moved to dismiss Plaintiffs' petition for failure to state a claim. (Doc. No. 7).  Plaintiffs did not file a response, and the Court ordered Plaintiffs to show cause why the motion to dismiss should not be granted.  (Doc. No. 9).  Instead of responding to the Court's order, Plaintiffs filed the present motions seeking to amend their petition to dismiss the RICO claims and remand the case to state court.  (Doc. Nos. 10, 11).  Defendants do not oppose dismissal of the RICO claims, but are critical of Plaintiffs' procedural maneuvers and therefore ask this Court to dismiss the claims with prejudice and retain supplemental jurisdiction over the state claims.  Alternatively, Defendants request an award of attorney's fees and court costs attributable to removal and remand.  In reply, Plaintiffs maintain that they decided to dismiss their RICO claims because those claims "will be difficult to prove and costly to litigate," and comity mandates remand. (Doc. No. 10).

- 2 -

**DISCUSSION**

Rule 15(a) allows a party to amend its pleading with the opposing party's consent or leave of the Court.  The Court should freely grant leave when justice so requires.  Defendants do not oppose Plaintiffs' request to dismiss their RICO claims, but they oppose a dismissal without prejudice.  Defendants believe Plaintiffs seek to bring the RICO claims in the future and argue this is impermissible forum-shopping and gamesmanship.  Plaintiffs admit they may file the claims again in the future.  (Doc. No. 14 at 4).

There are measures other than dismissal with prejudice available to address Defendants' concern.  In analogous circumstances, upon granting voluntary dismissal without prejudice, the court has the authority to award fees and costs incurred defending the action or, alternatively, to order that, if the plaintiff re-files the federal claim, then the plaintiff will reimburse the defendant for fees and costs associated with the dismissed action. *Garner v. Union Pac. R.R. Co.*, 4:15CV00733 AGF, 2016 WL 612765, at *1 (E.D. Mo. Feb. 16, 2016).  *See also Gould v. St. Louis-Kansas City Carpenters' Regional Council*, No. 4:18-cv-00936-AGF (E.D. Mo. Aug. 2, 2018).

The Court finds this relief is appropriate on the record.  Accordingly, Plaintiffs' RICO claims will be dismissed without prejudice.  However, Plaintiffs will be ordered to reimburse Defendants for their costs and expenses, including attorney's fees, incurred in connection with removal and remand.  Further, should Plaintiff re-file the dismissed RICO claims, Defendants may seek an award of attorney's fees related to the dismissed claim.

When federal claims invoking original jurisdiction have been dismissed, the Court

may decline to exercise supplemental jurisdiction over the remaining state claims.  28 U.S.C. §1367(c).  In deciding whether to retain or remand such a case, the Court considers the interests of judicial economy, convenience, fairness, and comity.  *Carnegie-Mellon v. Cohill*, 484 U.S. 343, 350 (1988).  "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Id*.  *Accord, King v. City of Crestwood*, 899 F.3d 643, 651 (8th Cir. 2018).  "Federal courts usually find that the balance of interests will point toward declining to exercise jurisdiction over the remaining state law claims." *Mary R. Fritz Revocable Tr. Dated June 28, 2005 v. Bd. of Zoning Adjustment*, 4:09CV372SNLJ, 2009 WL 1578805, at *1 (E.D. Mo. June 4, 2009).

Here, the foregoing factors weigh toward remand.  Although Defendants have filed a motion to dismiss, the Court has yet to rule on the motion.  Furthermore, this case was only recently removed, no scheduling Rule 16 conference has been held, and thus, no Case Management Order entered.  It does not appear to the Court that any of the parties will be significantly inconvenienced by a remand.  Finally, the Court believes that having a Missouri court decide issues of state law will promote justice and comity.

Again, Defendants' primary complaint is one of forum shopping.  "If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors … support a remand." *Carnegie-Mellon*, 484 U.S. at 357.   In opposing remand, Defendants cite *Barondes v. Wolfe*, 184 F. Supp. 3d 741

(W.D. Mo. 2016), but that case does not support their position.  There, despite "egregious forum shopping," the court "simply considered it as an additional factor" and ultimately concluded that comity for Missouri state courts outweighed the need to discourage forum shopping.  *Id*. at 746.  Similarly, in *Morris v. St. Louis Univ.*, 4:16CV1752 HEA, 2017 WL 1426016 (E.D. Mo. Apr. 21, 2017), though the court acknowledged "defendant's expenditure of time and funds … in removing the action," it nonetheless granted dismissal and remand and simply ordered the plaintiff to reimburse the defendants if she ever re-filed the claim.  *Id*. at *1.

Likewise, the Court finds no compelling reason to exercise supplemental jurisdiction in this case but deems appropriate an award of attorney's fees and costs incurred by Defendants in connection with removal and remand.  The Court will retain jurisdiction over the issue of those expenses and will remand remaining state law claims to state court.  *See Hall v. Avis Budget Car Rental*, LLC, 4:12CV00738 AGF, 2012 WL 2191620, at *1 (E.D. Mo. June 14, 2012).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to dismiss is **GRANTED**, and Plaintiffs' Counts V, VI, and VII are **DISMISSED without prejudice**.  (Doc. No. 10).

**IT IS FURTHER ORDERED** that Plaintiffs' motion to remand is **GRANTED.** The Clerk of the Court shall take all necessary steps to effectuate remand to the Circuit

Court of the City of St. Louis, Missouri.  (Doc. No. 11).

**IT IS FURTHER ORDERED** that Plaintiffs shall reimburse Defendants their attorney's fees and costs associated with removal and remand.  Defendants shall file a request for such expenses, along with supporting documentation, by November 29, 2021. Plaintiffs shall have seven (7) days thereafter to object to the amounts claimed by Defendants.

**IT IS FURTHER ORDERED** that, should Plaintiffs elect to re-file their RICO claim in the future, Defendants may request an award of attorney's fees and costs attributable to the dismissal and re-filing of the claim.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 16th day of November, 2021.