UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
MISSOURI EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD WHITE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.   4:21-cv-01161-AGF |
| | ) | |
| RISING STAR M.B. CHURCH, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Attorney's Fees and Costs.  (Doc. No. 16).  On November 16, 2021, the Court granted Plaintiffs' motion to dismiss the only federal claims in their complaint, three RICO claims, and remand the case to state court where it was originally filed.  (Doc. No. 15).  The Court also ordered Plaintiffs to reimburse Defendants their attorney's fees and costs associated with removal and remand.  *Id*.

In support of their request for attorney's fees, Defendants submitted an affidavit and billing records reflecting $11,259.00 in attorney's fees and $402.00 in costs, a total of $11,661.00.  (Doc. No. 16).  Plaintiffs oppose the motion, (Doc. No. 17), arguing the Court should only award fees if they re-file their RICO claims and that Defendants' costs and fees are grossly excessive.

## BACKGROUND

Plaintiffs Richard White and Sherman Hawthorne are members of Defendant Rising Star M.B. Church.  In August 2021, Plaintiffs filed a petition in state court alleging Rising Star M.B. Church and its pastor, Defendant Ernest Garrett Jr., and Board of Deacons—Defendants Charles Haley, David White, Alphonso Ivy, Lehman Turner, Jr., David Long, Lamar Brew, George Robinson, and Peter Lewis—improperly used church funds for their personal benefit.  Plaintiffs alleged four state law claims as well as three RICO claims.  Defendants removed the case to this court on the basis of federal question jurisdiction, based on the RICO claims.  Defendants then moved to dismiss Plaintiffs' entire petition for failure to state a claim.  (Doc. No. 7).

Plaintiffs did not file a response, and instead moved to amend their petition to eliminate the RICO claims and remand the case to state court.  (Doc. Nos. 10, 11). Defendants requested the Court dismiss the RICO claims with prejudice and grant them an award of attorney's fees and court costs attributable to removal and remand.  The Court granted Plaintiffs' motion, dismissing the RICO claims, without prejudice, and remanding the case to state court.  (Doc. No. 15).  The Court also ordered Plaintiffs to reimburse Defendants their attorney's fees and costs associated with removal and remand ("Removal Costs"), and further provided that should Plaintiffs re-file their RICO claims in the future, Defendants may request an award of attorney's fees and costs attributable to the dismissal and re-filing of the claims ("Refiling Dismissal Costs").

## DISCUSSION

Plaintiffs argue that the Court may award only Removal Costs *or* Refiling Dismissal Costs.  The Court noted in the previous order it "has the authority to award fees and costs incurred defending the action or, alternatively, to order that if the plaintiff re-files the federal claim, then the plaintiff will reimburse the defendant for fees and costs associated with the dismissed action." (Doc. No. 15) (citing *Garner v. Union* Pac. R.R. Co., 4:15CV00733 AGF, 2016 WL 612765, at *1 (E.D. Mo. Feb.16, 2016) and *Gould v. St. Louis-Kansas City Carpenters' Regional Council*, No.4:18-cv-00936-AGF (E.D. Mo. Aug. 2, 2018)).  Plaintiffs contend that neither the *Garner* nor *Gould* courts allowed the defendant to recover both Removal Costs and Refiling Dismissal Costs.  Plaintiffs are factually incorrect.  The *Gould* Court awarded both categories of fees and costs.  *Id*.

Moreover, Plaintiffs misinterpret these cases and this Court's order.  *Garner* and *Gould* hold that when a Plaintiff seeks to destroy federal jurisdiction by dismissing federal claims, the Court may either grant Refiling Dismissal Costs or "fees and costs incurred defending the action" immediately ("Immediate Defense Costs").  These costs pertain to Defendants' costs in defending the RICO claims and filing their motion to dismiss.  The Court did not award *both* Immediate Defense Costs *and* Refiling Dismissal Costs.  Instead, the Court awarded only Refiling Dismissal Costs – should Plaintiffs refile the RICO claims[1] – and, separately, Removal Costs, which pertain to Defendants' costs in removing the case to federal court.  Such Removal Costs are plainly contemplated by the statute.  Pursuant to

---

[1]     The Court did not dismiss the RICO claims with prejudice, as Defendants requested.

28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal…."  The Court again concludes that Defendants are entitled both to the Refiling Dismissal Costs, should Plaintiffs refile the claims, as well as Removal Costs, because Plaintiffs dismissed their RICO claims only after Defendants incurred the costs of removing this matter to federal court and filing a motion to dismiss.

Plaintiffs next argue the fees and costs requested by Defendants are excessive.  The amount of an award of attorney fees rests within the sound discretion of the court.  *Farmers Co-op Co. v. Senske & Son Transfer Co.*, 572 F.3d 492, 500 (8th Cir. 2009).  When determining the reasonableness of attorney fees, courts in the Eighth Circuit are advised to consider the Johnson factors as relevant to the particular case.[2] *Tolefree v. Cmty. Blood Ctr. of Greater Kansas City*, 03-1087-CV-W-GAF, 2005 WL 1669762, at *4–5 (W.D. Mo. July 18, 2005), citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir 1974).  A court need not examine all factors exhaustively and explicitly; rather, it merely must "provide a concise but clear explanation of its reasons for the fee award." *Id*. quoting *Griffin v. Jim Jamison, Inc.*, 188 F.3d 996, 997 (8th Cir. 1999).

---

[2]    The twelve Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Plaintiffs object to the billing as duplicative or otherwise excessive.  Additionally, Plaintiffs claim Defendants improperly increased the hours billed after Plaintiffs asked for consent to dismiss their RICO claims and remand this matter to state court.  Defendants respond that all fees set forward in their motion were actually incurred and Defendants either have paid or are obligated to pay them.  Plaintiffs have provided no evidence in support of their contention that Defendants improperly inflated their billing.

However, the Court reviewed the billing records and finds the amount of attorney time spent excessive given the nature of removal and remand, the time, skill, and labor typically required for removal and remand, and the significant trial experience of Defendants' counsel, in particular Mr. Kasnetz, who dealt with a similar issue as counsel for plaintiffs in *Gould*.  As such, the Court finds that a reduction of $2,000 is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' request for attorney's fees is **GRANTED in part**. (Doc. No. 16).  Plaintiffs shall reimburse Defendants in the amount of $9,661.00.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of February, 2022.